CROSBY and wife *vs.* WENDELL and others.

> Where a testator declared it to be his will that his wife should continue to
> reside with his children in his dwelling house and retain in her possession
> the plate, furniture, &c. during her widowhood, if his children should con-
> tinue to live with her ; and in case of her re-marriage, and his children
> should not continue to live with her, that she should deliver the plate, fur-
> niture, &c. to his executors for the use of his children ; and that the exec-
> utors should receive the rents and income of his estate until the youngest
> child should attain the age of fourteen, and should apply so much thereof as
> should be necessary for the support of his minor children ; and that from
> and immediately after the youngest child attained the age of fourteen
> years, if his wife should then have married, he devised the dwelling house
> to his son Philip in fee ; and devised all the residue of his estate to his chil-
> dren as tenants in common ; *Held*, that the wife took an estate in the
> dwelling house to continue after the youngest child arrived at the age of
> fourteen if she then remained unmarried and the children lived with her ;
> and that Philip took a vested remainder in fee in the dwelling house after
> the youngest child became fourteen, to commence in possession so soon
> thereafter as the wife's estate should have terminated, by her marriage or
> otherwise ; and that such remainder to him was not intended by the tes-
> tator to be limited upon the contingency of the widow's having married a
> second time before the youngest child arrived at the age of fourteen.
> The intention of the testator is the polar star to guide in the construction of a
> will ; which intention does not depend upon any particular clause stand-
> ing by itself, but is to be gathered from the whole will taken together.
> And where the testator's intention is manifest it must prevail, if it is not
> contrary to some positive or settled rule of law ; although it may be ne-
> cessary, in order to give effect to such intention, to depart from the literal
> meaning or the strict grammatical construction of the words used by the
> testator.

*July 18.*    THE bill in this case was filed for the partition of certain
real estate in the city of Albany ; and the only question in
dispute between the parties was whether, upon the construc-
tion of the will of Philip Wendell, their father, his son Philip,
the defendant, was entitled to the lot on the south side of
State-street, in which the testator resided at the time of
making his will, as the sole devisee thereof in fee. By the
will the testator devised a part of his real estate to his wid-
ow, for life, in lieu of dower. He also declared it to be his
will that his wife should continue to reside with his children
in the dwelling house in State-street, and retain in her posses-

1837.

Crosby
v.
Wendell.

sion the plate, furniture, bedding, &c. during the time she remained his widow, if his children should continue to live with her. And in case of her re-marriage, or his children should not continue to live with her, she was to deliver the plate, furniture, bedding, &c. to the executors, for the use of the children. He authorized his executors to receive the rents and income of the residue of his estate, real and personal, until his youngest child should attain the age of fourteen ; and to apply the same, or so much thereof as should be necessary, for the support and maintenance of such of his children as should be under the age of twenty-one. By the fourth clause of the will, under which the question in this cause arose, he devised to his son Philip the State-street house, in the following words: " From and immediately after the youngest of my children shall have attained the age of fourteen years, *if my wife Sarah shall then have married*, I give and devise the house and lot of ground in which I now reside, situate, lying and being south of and fronting State-street in the city of Albany, to my son Philip : to hold the same to my son Philip, his heirs and assigns forever." He then devised and bequeathed all the rest and residue of his estate to his children as tenants in common in fee from and immediately after the youngest of his children should attain the age of fourteen years. The widow of the testator survived him more than twenty years, and died without having married a second time. And the complainants claimed a share of the State-street house, on the ground that as the marriage of the widow had not taken place before the youngest child became fourteen, the devise to the testator's son·Philip, in the fourth clause of the will, had failed.

*J. Williams & O. Allen*, for the complainants. The devise to Philip is conditional, and depends upon a condition subsequent—the marriage of his mother ; and if that contingency had happened, the time of possession depended upon another event—the arrival of the testator's youngest child at fourteen. The same principles which apply to legacies apply to devises. If a contingent legacy be left to

any one, as *when* he attains, or *if* he attains the age of 21, and he dies before that time, it is a lapsed legacy. (2 *Black. Comm.* 513.) But a legacy to one, *to be paid* when he attains the age of 21 years, is a *vested* legacy—an interest which commences in presenti although it be *solvendum in futuro ;* (3 *T. R.* 41 ;) and if the legatee dies before that age, his represenatives shall receive it out of the testator's personal estate, at the same time that it would have been payable in case the legatee had lived. (2 *P. Wms.* 478. 2 *Bro.* 105. 3 *Bro.* 404. 6 *Ves. jun.* 43.) A contingent remainder is when an estate is limited to take place in futuro, upon an uncertain event ; as when a particular estate which supports a remainder may or may not determine before the remainder may commence. (*Jac. Law Dict. Contingent Use.* 10 *Rep.* 85. *Costa* v. *Keir,* 3 *Russ.* 360, 5. 1 *Russ.* 260, 519, 262.)

*L. H. Palmer,* for the defendant. By the fair construction of the particular devise in question, and especially of the whole will in connection, the devise was a present vested gift, limited as to the time of its enjoyment in possession, and subject to the devise to the wife of the testator ; and there are not any grounds or reasons apparent either from the will itself, the circumstances of the family or the devisees named in the will, to infer that the devise was conditional or contingent. Words, apparently words *of condition* or *contingency,* are frequently construed to designate *only the time at which the interest shall take effect in possession,* though standing alone they import a condition. (*Lane* v. *Goudge,* 9 *Ves.* 229. *Hanson* v. *Graham,* 6 *Ves.* 239. *Branstrom* v. *Wilkinson,* 7 *Ves. and references. West* v. *Eresy & Barable,* 1 *Bro. P. C.* 225, *Toml. ed. Finley* v. *King's lessee,* 3 *Peter's U. S. Rep.* 346.) The word "when" in a will, alone and unqualified, is *conditional,* but may be controlled by expressions so as only to *postpone payment or possession,* but not the *vesting* of the legacy. (*Goodtitle* v. *Whitby,* 1 *Burr.* 228. *Hateh* v. *Mills,* 1 *Edw.* 342, *and notes.*) There is a distinction between the cases where *time is annexed* to the *substance* of the legacy and where the bequest *is in-*

1837.

Crosby
v.
Wendell.

*dependent of the time* mentioned, and payment is only defer-red. (*O'Dell* v. *Crone*, 3 *Dow P. C.* 61. *Goodtitle* v. *Whitby*, 1 *Burr.* 48.) Although from the words of the devise the *intention* appears plain and clearly expressed, yet the *ap-parent* intention of the *whole will* will overrule it. So words importing *condition* in themselves will be construed words of *qualification* or *limitation* of the time when the estate or devise is to be *enjoyed.* In the construction of wills, one clause is not to be construed by itself nor by another, *but all the clauses* are to be considered *together* as making a whole ; and the "*intention*" is to be drawn from the *whole ;* and each clause is to be qualified, enlarged or modified in accordance with the *scope* and *intention* of the whole. "Where the *whole* property is devised, and a *par-ticular* interest given out of it, it operates by way of *excep-tion* out of the absolute property. Where an *absolute* prop-erty is given, and a particular interest given in the mean-time, as until the devisee shall come of age, then to him, &c. the rule is that that shall *not* operate as a *condition precedent* but as a *description of the time when* the remainderman is to take possession." (*Richards* v. *Baker*, 2 *Atk.* 322. *Fone-reaux* v. *Foncreaux*, 3 *Ves.* 645.) To effectuate the intention of the testator, words may be *rejected*, or *transposed*, or sub-stituted. (*Boon* v. *Caneforth*, 2 *Ves.* 278.) And *nonsensical* or *expletive* words may be *rejected* or transposed so as to give effect to intention. (*Wilson* v. *Mount*, 3 *Ves.* 194.) A videlicit shall be rejected, if repugnant ; not, if it can be reconciled and made restrictive. (*Dodson* v. *Hog*, *id.* 404.) Where the testator expresses his intention "*incorrectly*," the court will effectuate it *by supplying the proper words.* (*Brownsward* v. *Edwards*, 2 *Ves.* 248.) Words may be *supplied.* (*Attorney General* v. *Bagley*, 2 *Bro. C. C.* 553.) "Dying without issue" may be construed by the context to mean "children," and so the remainder over will not be too remote. (*Letheulleir* v. *Tracy*, 3 *Atk.* 781, 797.) Where the *general intent* is plain, it shall prevail, though some of the "*limitations*" *may seem contingent.* (*East* v. *Cook*, 2 *Ves.* 32.) Order of words may be *disregarded.* (*Duke of Marlebro'* v. *Ld. Godolphin*, *id.* 74.) That words

may be transposed or rejected, See *Marshall* v. *Hopkins,* 15 *East,* 309 ; *Doe* v. *Jessup,* 12 *id.* 288 ; *Doe* v. *Cotton, id.* 515 ; *Doe* v. *Provost,* 4 *John. R.* 61. And words repugnant may be stricken out and substituted for each other.

THE CHANCELLOR. The words used by the testator in this case in limiting the remainder in fee to his son Philip in the State-street house and lot, after the arrival of the youngest child at the age of fourteen, seem to import a contingency ; and that it was not the intention of the testator to give Philip the remainder in fee if his mother should not then have re-married. Such would probably be the legal construction if this clause of the will stood alone and was to be construed without reference to the particular estates which are created in this house and lot by other parts of the will. But when the whole will is taken together, there can be no reasonable doubt that it was the testator's intention to give to Philip the remainder in fee absolutely, after the termination of the particular estates by the marriage or death of the widow and the expiration of the time during which the rents and profits of the property not devised to the widow were appropriated for the maintenance and support of the minor children. That which seems to be a contingency or condition upon which the remainder in fee is to vest in interest is therefore a mere inaccuracy of expression ; and was only intended by the testator to denote the time when such remainder was to vest in possession. In other words, the expression " if my wife Sarah shall then have married," was merely designed by the testator to exclude a conclusion that he intended his son should have an estate in possession in the State-street house and lot before the expiration of the time for which the use of it had been given to his wife by the previous clause of the will ; that is, during the continuance of her life or widowhood, if her children chose to live there with her so long. The case of *Brown* v. *Cutter,* (*T. Raym. Rep.* 427, 2 *Show.* 152, *S. C.*) is substantially the same as the present. In that case the testator devised the estate to his wife for life if she did not marry ; but if she married, then he de-

vised the estate immediately to his son Humphrey in tail male, with remainder over to his other sons if Humphrey died without issue. The wife of the testator died unmarried ; and the question arose between the second son of Humphrey and the daughter of his eldest son, whether Humphrey took an estate in fee after the death of his mother, as heir at law of the testator, or an estate in tail male under the devise. And the court of king's bench decided that the wife took an estate during her life or widowhood ; and that Humphrey took an estate tail in remainder, to vest in possession upon the death or marriage of his mother. The like decision was made upon the same will, in the court of common pleas, two or three years afterwards, in the case of *Luxford* v. *Cheeke*, (3 *Lev.* 125.)

The intention of the testator is the pole star to guide in the construction of a will ; and that intention is not to be ascertained by any particular clause standing by itself, but is to be gathered from the whole will taken together. And where the intention is manifest, if the same is not contrary to some positive or settled rule of law, it must prevail ; although to give effect to such intention it may be necessary to depart from the literal meaning or the strict grammatical construction of the words which the testator has used to express his intention. Here the general intention of the testator was to give his wife the use of the State-street house during her life or widowhood, if her children chose to remain with her, even after the youngest child had arrived at the age of fourteen. And he intended that his son Philip should have the house and lot after the youngest child was fourteen, so soon as her estate *durante viduitate* therein should have terminated by marriage or otherwise. The same may likewise be said of the testator's intention as regards the devise to Philip of this house and lot, and of the other property to all the children, *from and immediately after the youngest child should arrive at the age of fourteen.* He did not intend to make it a condition precedent to the vesting of the estate in either case, that the youngest child should absolutely arrive at the age of fourteen. But inasmuch as the estate was devised to the executors until that

1837.

The Mohawk
Bridge Co.
v.
The Utica &
Schenectady
R. R. Co.

time for the support of the minor children, he intended to exclude the idea that the remainders in fee should vest in possession in any of the children during the existence of the particular estate limited to the executors. He evidently intended, however, that they should take estates in possession as soon as the particular estate previously granted should have determined. And it does not become material to inquire whether that estate determined by the death of the youngest child a few days after that of the testator, or at the time when the youngest child living attained the age of fourteen.

Philip Wendell is, therefore, the sole owner of the State-street house and lot; and the complainant's bill, so far as it seeks a partition thereof, or any account of the rents and profits received by him, must be dismissed.