In the Matter of the Estate of SOPHIA M. PIERCE, Deceased.

Surrogate's Court, Tioga County, December 28, 1934.

*J. T. & C. H. Gardner,* for the petitioner.

*Addison J. Robison,* for the executor.

TURK, S. Sophia M. Pierce died in the county of Tioga on the 2d day of May, 1933, leaving a last will and testament, the fourth

clause of which reads as follows: "*Fourth.* I give and bequeath to my brother, Edward Maynard, One Hundred Dollars, to be held in trust for his funeral expenses." It appears from the petition filed in a final accounting that Edward Maynard died on the 24th day of June, 1927, after the execution of the will and before the death of Sophia M. Pierce. It is contended by the executor that the legacy to Edward Maynard lapsed by reason of the fact that he died prior to the death of the testatrix, and this is an application by the sons of Edward Maynard for construction of the fourth clause of the will of Sophia M. Pierce. Although section 29 of the Decedent Estate Law provides that whenever any estate shall be devised or bequeathed to a brother of the testator, and such legatee and devisee shall die during the lifetime of the testator leaving a child or other descendant surviving the testator, such devise or legacy shall not lapse, I am convinced that that section does not apply here for the reason that the fourth clause of this will creates a trust, not for the general benefit of Edward Maynard, but for a particular purpose, namely, "for his funeral expenses." If the funeral expenses of Edward Maynard had been paid prior to the death of the testatrix the purpose for which the trust was created would have failed and this legacy would have become a part of the residuary of this estate. A portion of the funeral expenses of Edward Maynard has been paid by one of the sons but there still remains unpaid the sum of eighty-one dollars and fifty cents. It seems to be conceded that Edward Maynard left no estate at the time of his death, and while it has been said that the duty of providing a burial rests upon the next of kin, as in *McCue* v. *Garvey* (14 Hun, 562), there seems to be no statutory authority for recovering from the heirs of an intestate for funeral expenses except that which is provided in section 176 of the Decedent Estate Law, and that goes only to the extent of the estate, interest and right in the real property which descended to the heirs of an intestate or was devised to them by a decedent. While the Code of Criminal Procedure (Tit. VIII, § 914 *et seq.*) prescribes the proceeding necessary in order to compel a child to provide for his father or a father to care for a child, no provision is made for providing for burial. It seems that neither of the sons of Edward Maynard has sufficient means to pay the balance remaining unpaid for his funeral expenses. The question naturally arises then, was not this the very emergency which this testatrix had in mind when she prepared her will? It has become almost a maxim that every person is entitled to have a decedent burial after death. No doubt this testatrix had that in mind when she made her will and that it continued in her mind until the time of her death, for no alteration was made

in her will after the death of her brother. Was it her thought and intention that there could not be a decent burial without the payment of funeral expenses? It is imperative that the intention of the decedent be ascertained, if possible, for a controversy as to the meaning, interpretation or construction of a will is to be determined by reference to the intention of the decedent (*Tilden* v. *Green*, 130 N. Y. 29, 51), or as Chancellor WALWORTH expressed it in *Crosby* v. *Wendell* (6 Paige, 548): " The intention of the testator is the pole star to guide in the construction of a will." When the intention of a testator is ascertained it will control the construction to be given to his will. (*Hadcox* v. *Cody*, 213 N. Y. 570.)

There seems to be no precedent for the situation which has arisen in this case. That is not unusual, for it is seldom that two wills are worded exactly alike, and precedents can be of little value in determining the intention of the testator. In *Eisner* v. *Koehler* (1 Dem. 277), however, Surrogate ROLLINS discusses the subject of conditions fulfilled prior to the death of the testator and their effect upon a legacy in a very logical manner, and he arrives at the conclusion that the construction of a will which utterly ignores the spirit and purpose of the conditions in the will is manifestly absurd.

It seems plain to me that this testatrix did not desire to give anything to her brother, Edward Maynard, or to his heirs, but she anticipated that he would have no property when he died and intended at that time that his funeral expenses, to the extent of $100, should be paid; that after the death of her brother, Edward Maynard, she still intended that his heirs should receive no part of her property, but that if his funeral expenses were not paid at her death the amount remaining unpaid, not to exceed $100, would be cared for under the fourth clause of her will.

A decree may be entered directing the executor to pay to the undertaker the balance due him, to wit, the sum of eighty-one dollars and fifty cents, and finding that the balance of the legacy under the fourth clause lapsed and becomes a part of the residuary estate.