GEORGE J. KNIGHT & others *vs.* TIMOTHY MAHONEY
& another. .

SAME *vs.* PATRICK KING.

SAME *vs.* JAMES STOTT.

SAME *vs.* PATRICK JARRETT & another.

SAME *vs.* RICHARD GARLINGTON & another.

Worcester.    October 1, 1890. — November 28, 1890.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Gift by Will to Widow — Restraint of Marriage.*

A gift by will of the testator's entire estate to his wife " so long as she remains my widow," with no other disposition thereof in the event of her marrying again, is of the use of the property during her widowhood only, and is not invalid as being in restraint of marriage.

FIVE WRITS OF ENTRY to recover parcels of land in Sturbridge. Pleas, *nul disseisin.* The cases were submitted to the Superior Court together, and, after judgment for the demandants, to this court, on appeal, on agreed facts, which appear in the opinion.

*J. M. Cochran,* for the demandants.

*H. W. King,* for the tenants.

FIELD, C. J.   These suits are writs of entry, and the demandants in each suit are the heirs at law of Wheaton T. Knight, who died testate, on February 8, 1874, seised of the lands, and leaving a widow, Sabra A. Knight, who married again on August 3, 1878, and died on June 6, 1888.   The first clause of the will of Wheaton T. Knight is as follows : " I give and bequeath to my beloved wife, Sabra A. Knight, all my real estate and personal property, of every kind and description, after paying all my debts and legal charges, and paying out to my children the allowances hereinafter made, so long as she remains my widow." The executors of the will have paid all the debts of the deceased, and the legacies given by the will.   The will contains no devise of real property, except that to the widow which has been cited.   We think that the true construction of the will is, that the testator intended to give to his wife the use of the real estate only so long as she remained his widow.   It has been argued that this limitation of the duration of the estate is void, because it operates as a restraint upon marriage.   We consider it unnecessary to discuss the many distinctions which have sometimes been made with reference to conditions and limitations in restraint of marriage, when annexed to gifts by will of realty or of personalty, or of both together as one gift.   Sabra A. Knight did not waive the provisions for her in the will, and after the death of her husband, and before she married again, conveyed in fee to different persons different parcels of the land devised, and all the tenants in the suits claim title in fee from her under these conveyances; and in the first and fourth cases the Southbridge Savings Bank, and in the fifth case John Garlington, as mortgagees, have been joined as tenants with the owners of the equity of redemption.   The suits were brought after the death of Sabra A. Knight.

The principal question of law is, whether under the will Mrs.

Knight took an estate in fee, or for her life, or during her widowhood. Many of the decisions on this subject are collected in 2 Pom. Eq. Jur. § 933, and notes ; 1 Story, Eq. Jur. (13th ed.) § 274, note *a* ; 2 Jarm. Wills (Bigelow's ed.), § 44, and notes. The weight of authority is in favor of treating limitations or conditions which are annexed to devises and bequests to the wife of the testator as valid, although they tend to restrain her from marrying again, and although the will does not dispose of the property by a gift over to other persons in the event of her marrying again. This is shown by the opinions in *White* v. *Sawyer*, 13 Met. 546 ; *Dole* v. *Johnson*, 3 Allen, 364 ; *Loring* v. *Loring*, 100 Mass. 340 ; and *Gibbens* v. *Gibbens*, 140 Mass. 102.

The decision in *Parsons* v. *Winslow*, 6 Mass. 169, was by a majority of the court, and it was made in reliance upon what was understood to be the state of the English law at that time. The case concerned a bequest of personalty in trust for the wife of the testator during her widowhood. But modern English decisions seem to show that conditions attached to devises and bequests which are in restraint of second marriages are now held valid. *Allen* v. *Jackson*, 1 Ch. D. 399. *Newton* v. *Marsden*, 2 Johns. & Hem. 356. See *Bostick* v. *Blades*, 59 Md. 231 ; *Dumey* v. *Schœffler*, 24 Misso. 170. In *Otis* v. *Prince*, 10 Gray, 581, the devise was to a grandson of the testator, and was held to be upon condition subsequent, and a restraint upon the marriage of the grandson.

Whatever may be true of devises and bequests to other persons, the right of a widow to receive certain portions of the estate of her deceased husband is secured by statutes, if she chooses to avail herself of them. If a widow prefers to take under the will of her husband, and he has chosen by his will to give her the use of property during her widowhood only, intending that, if she marry again, she should rely thereafter for her support upon her future husband, we think that this intention ought not to be defeated on any ground of public policy ; and the decisions on this question do not proceed upon any distinction between a limitation of the duration of the estate given to the widow and a condition subsequent, whereby the estate given is devested on her remarriage.

The question raised in the briefs of the tenants, whether the

mortgagees could properly be joined as tenants with the owners of the equity, seems not to have been raised by the pleadings. The Southbridge Savings Bank pleaded only *nul disseisin*, and John Garlington pleaded *nul disseisin* jointly with Richard Garlington. See *Hoxie* v. *Finney*, 11 Gray, 511.

Upon the agreed facts, the judgment for the demandants in each case is to be affirmed, and the value of the demandants' estate without the improvements is to be ascertained by the Superior Court.                                   *So ordered.*