## RAUSCH v. RAUSCH et al.

(Supreme Court, Special Term, Kings County. January 7, 1895.)

1. WILLS—CONSTRUCTION.

Testator, by the first clause of his will, gave all his estate to his wife so long as she should remain his widow, and by the second clause, in the event of her remarriage, directed that the estate should be divided in cer-

tain shares among his widow, his son, and his grandchildren. The fourth clause provided that the income of the estate should be drawn by the widow as long as she remained such, and, if she should remarry, then the income should be divided in the proportion mentioned in the second clause. *Held*, that the widow took a life estate of the whole property, remainder to testator's heirs at law in fee, unless she should remarry, in which case the estate was to be divided in fee in the shares mentioned in the second clause.

2. SAME—SUSPENDING POWER OF ALIENATION.

A direction in a will that property shall not be sold, but which creates no trust, does not suspend the power of alienation.

Action by Bernhard Rausch against Katharina Rausch and others to construe the will of Michael Rausch, deceased.

Michael Rausch died, leaving the defendant Katharina Rausch, his widow, and one son, the plaintiff. The latter had two children, named in the testator's will which was admitted to probate. When he died, the testator was seised of two pieces of real estate, one situated in Brooklyn, and the other in Clarenceville, L. I. On May 19, 1893,—a date intermediate between the execution of the will and his death,—the decedent delivered to his wife a conveyance of the Clarenceville property. The deed, however, was not recorded until after his death. Plaintiff brought an action to have the will construed, and to determine the validity of its provisions. There was no personalty. Defendant Kramer was made sole executor.

The provisions in controversy were as follows: "First. After my lawful debts are paid, I give, devise, and bequeath unto my beloved wife, Katharina Rausch, all my estate, both real and personal, of which I may die seised, to be her own as long as she remains my widow. Second. In the event of my wife remarrying, I will and ordain that all the rest, residue, and remainder of all my estate then remaining, both real and personal, shall be divided as follows, viz.: One-half to my beloved wife, Katharina Rausch; and one-quarter to my dear son, Bernhard Rausch; and one-quarter to my dear grandchildren, Bernhard Rausch and Virginia Rausch." The third clause empowered the executor to sell the Clarenceville property, and "deposit the proceeds in a savings bank to the credit of my said wife." "Fourth. I will and ordain that all the rest, residue, and remainder of all my real estate shall not be sold, the income of which is to be drawn by my wife as long as she remains my widow; and, if she should remarry, then said income shall be divided as follows: One-half to my wife, Katharina Rausch; one-quarter to my son, Bernhard Rausch; and one-quarter to my grandchildren, Bernhard Rausch and Virginia Rausch."

Delano C. Calvin, for plaintiff.

Stephen B. Jacobs, for widow and executor.

CULLEN, J. I regard Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925; Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427,—as conceding, it may be, rather than deciding, that an action of this character can be maintained under section 1866, Code. I find that the testator conveyed the Clarenceville property, in his lifetime, to his present widow, Katharina Rausch, and hence hold that it is not necessary to determine or construe the provisions of the will regarding such property. I find the proper construction of said will to be as follows: By the first clause the testator gives the defendant an estate during her widowhood. If she dies his widow, then the plaintiff will take the estate as heir at law, as the remainder upon such estate is undisposed of by the will. That, by the second clause of the will, on the remarriage of the widow the testator's estate will vest in fee in the widow one-half, the plaintiff one-quarter, and the

plaintiff's children, Bernhard and Virginia, one-quarter. That the fourth clause of the will creates no suspension of the power of alienation. That on the remarriage of the widow no trusts are created, but the legal title vests in the four devisees, apart from the question of lives. 2 Jarm. Wills, 14; Oxley v. Lane, 35 N. Y. 340; Lovett v. Gillender, Id. 617. This clause is therefore void. Judgment in accordance with this opinion, without costs to either party, as I see no funds out of which the costs could be paid.