WILLIAM ROSE

*v.*

LUCINDA HALE *et al.*

*Opinion filed April 17, 1900.*

1. WILLS—*transposition of clauses is only to be made when necessary to carry out the testator's clear intention.* Transposition of words and clauses in a will is only to be made when necessary to give effect to a meaning of the testator which is certain.

2. SAME—*the testator's intent must prevail though some words must be rejected.* The intention of the testator, if clearly disclosed by the will, must prevail, even though some words must be rejected.

3. SAME—*will construed as passing estate for life.* A devise to the testator's wife of his real estate and of all otherwise undisposed of personal property "whilst she remains my widow," passes no greater estate than one for life in both real and personal property, where, by eliminating a purposeless connecting word, the clause relating to real estate and that concerning personalty constitute a single sentence, qualified by the phrase "whilst she remains my widow."

4. APPEALS AND ERRORS—*an administrator cannot assign error on appeal involving only matters in which he is uninterested.* Where an administrator with the will annexed intervenes in a partition proceeding involving the construction of the will and files a petition for the sale of the land to pay claims, which petition is dismissed and an appeal taken but not perfected, he cannot, upon appeal by the defendant from the final decree in partition, assign for error the action of the court in dismissing his petition.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN J. GLENN, Judge, presiding.

JOHN S. WINTER, and H. M. WAGGONER, for appellant.

M. P. RICE, and T. C. ROBINSON, for appellees.

CHIPERFIELD, GRANT & CHIPERFIELD, and LUCIEN GRAY, for intervening petitioner.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a bill in chancery filed by Lucinda Hale, Catherine Severns, Phedora Combs and Mariah Cluney, appellees, for the partition of certain real estate, the title

whereof formerly rested in one Reason Church, who died January 1, 1880. On the hearing the court construed the will of said Reason Church to invest a life estate, only, in the land sought to be partitioned, in Mariah Church, wife of the testator, and that the remainder in fee descended to the heirs-at-law of the said testator. The appellant by this appeal questions the correctness of the construction given said will by the court. He insists that the true construction of said will vested in the said Mariah Church the title to the lands in fee simple, subject to the condition she should not marry again, and defeasable on that condition. Said Mariah Church conveyed the land to the appellant and died without having again re-married. The position of the appellant is, the fee simple title to the said land rests in him.

The will of the deceased reads as follows:

"I, Reason Church, of Isabel, Fulton county, and State of Illinois, do make and declare this my last will and testament, in manner and form to-wit:

First it is my will that my funeral expenses and all my just debts be fully paid.

Second after the payment of my funeral expenses and debts I give devise and bequeath unto my beloved wife Mariah Church the farm on which we now reside, situate in said county and known and described as one hundred forty-five acres of the north-west quarter of section number thirty in township four north of range three east of the fourth principal meridian thirdly all the live stock horses cattle sheep hogs by me now owned and kept thereon also all the household furniture wagons, carriages and all my farming implements and all my personal property not herein enumerated or otherwise disposed of whilst she remains my widow. But if she should marry then it is my will that she divide the farm and give each of my children an equal share after taking her thirds and lastly I hereby constitute and appoint my said wife Mariah Church executor of this my last will and testament."

As to the true construction thereof it is said in the brief of appellant: "Any one who is acquainted with philology and grammatical construction of the English language, by reading said will will perceive its second

and third clauses, as written, consist of three sentences. If 'a sentence is the expression of a thought in words,' as it has been defined, then a construction of this will would be: (1) An absolute devise in fee of the farm on which they resided to his wife; (2) a bequest of all his personal property to his wife so long as she remained his widow; and (3) a limitation to the devise in fee of his farm to the wife; if she should marry again, she should divide the farm equally among his children, 'after taking her thirds.' That part of the third clause of said will in which the testator attempts to bequeath his personal property to his wife 'while she remains my widow' is obviously a parenthetical phrase, intervening between the devise in the second clause of the will and the concluding part of the third, limiting that devise to a third of the farm if his wife should marry, the remainder to be equally divided among his children. Certainly that intervening sentence could be omitted without destroying the meaning of the composition in which it is found, which is the usual test as to whether a phrase is parenthetical or not. By such transposition, and thus placing the first and third of said sentences in their apparent natural relation to each other, the intent of the testator in his will becomes clear and obvious,—that he intended to debase the devise of the fee of his farm to his wife from an absolute to a determinable fee, subject, however, to his wife's marrying again. The second clause clearly, in the first instance, was intended as a devise to his wife of an absolute fee to his farm; the first sentence of the third clause, by its position, should be taken as parenthetical, and considered as intended as a bequest of his personal property to his wife during her widowhood, and wholly disconnected with the devise in the second clause; and the second or concluding sentence of the third clause as intended as a limitation to the devise of the fee to the farm he had made to his wife in said second clause."

We agree with counsel for appellant that the unmistakable intention of the testator was to bequeath his live stock, etc., and all his personal property, to his wife "while she remained his widow." But we gather this intention by reading as one sentence that part of the will beginning with the word "second" and concluding with the word "widow." It will be observed that unless this part of the will is read as one sentence there is no gift or bequest of the live stock, etc., and personal property, for if the phrase relating to such personal property, etc., be regarded, as appellant insists it should, as but parenthetical and wholly disconnected from that portion of the will which relates to the real estate, then there are no words of gift, bequest or devise applicable to said personal property. The phrase referred to as but parenthetical has no meaning if transposed from the position it occupies in the will. It must be construed and read as a part of the sentence, as we before indicated, or rejected as meaningless and unintelligible. A clause or expression may be transposed if it is senseless and contradictory as it stands in a will, or if the transposition is necessary to give effect to an intention clearly expressed or indicated by the context. (1 Jarman on Wills, 499, 502.) But here the clause or expression proposed to be transposed may be given meaning if read in its place as we find it in the will and is rendered meaningless if removed from that position, and the proposed transposition is not only not necessary to give effect to the intention which all agreed animated the testator, namely, to bequeath his personalty to his wife while she remained his widow, but will operate to defeat that intention. Transposition is only to be made when necessary to give effect to a meaning and purpose of the testator which is certain. (*Latham* v. *Latham*, 30 Iowa, 294.) Clearly there is no warrant for removing the supposed parenthetical clause from the position given it in the will or for regarding it as a sentence complete within itself. It is in-

separably connected with that which precedes it in the will. The words "give, devise and bequeath," which precede the description of the real estate, refer to both real estate and personalty, as do also the words "whilst she remains my widow," which, as we construe the will, are the closing words of a single sentence in which the testator made known his wishes as to his property, both real and personal. If the word "thirdly" be omitted from the will all ground on which to base the contention of appellant disappears. The rule is, the intent of the testator, if clearly disclosed by his will, must prevail, even if some words must be rejected to give effect to such intention. (*Huffman* v. *Young*, 170 Ill. 290; *Whitcomb* v. *Rodman*, 156 id. 116.) In 2 Jarman on Wills (5th Am. ed. p. 53,) it is said: "It is clear that words and passages in a will which are irreconcilable with the general context may be rejected, whatever may be the local position which they happen to occupy, for the rule which gives effect to the posterior of several inconsistent clauses must not be so applied as in any degree to clash or interfere with the doctrine which teaches us to look for the intention of a testator in the general tenor of the instrument, and to sacrifice to the scheme of disposition so disclosed any incongruous words and phrases which have found a place therein." The word "thirdly" was doubtless inserted from the prompting of some vague conception or idea of legal formalities. It has no meaning there, and serves no purpose in connection with the manifest intention of the testator. It may therefore be omitted from consideration in arriving at the true construction of the will. Excluding the word, the devise and bequest of all the property, both real and personal, is expressed in a single sentence, and is to Mariah Church "whilst she remains the widow" of the testator. The estate thus created cannot be greater than an estate for life. *Willis* v. *Watson*, 4 Scam. 64; *Green* v. *Hewitt*, 97 Ill. 113; *Kaufman* v. *Breckinridge*, 117 id. 305; *Siddons* v. *Cockrell*, 131 id. 653.

During the pendency of the cause in the circuit court, Henry Phelps, administrator with the will annexed of the estate of the said testator, by leave of the court filed an intervening petition, praying for a decree authorizing him, as such administrator, to make sale of the lands for the purpose of providing a fund wherewith to pay claims which, as the petition alleged, had been duly presented and allowed against said estate in the probate court, to discharge which there were no other assets, as the petition alleged. On a hearing the chancellor dismissed the petition. The administrator prayed and obtained an order granting him an appeal to this court, but failed to comply with the terms and conditions of such order. The administrator has assigned in this court alleged erroneous rulings of the chancellor with reference to the questions which arose in the trial court under his petition for a decree authorizing him to sell the land. That part of the decree dismissing the petition of the administrator had no relation to that other part of the decree construing the will of the deceased and declaring the rights and interests of the parties complainant and defendant to the bill for partition. The different parts of the decree were, in effect, distinct and separate decrees, and an appeal prosecuted from one part of the decree had no effect upon the decree in any other respect. The administrator failed to perfect his appeal from that portion of the decree which touched upon his rights and interests, and thereby is deemed to have acquiesced in the disposition of his petition. The appeal perfected to this court by the appellant only brings in review the action of the court on that branch of the case in which the administrator had no interest. (2 Ency. of Pl. & Pr. 96.) He can not, therefore, on this appeal assign as for error the rulings or findings of the court with relation to matters not involved in the appeal. *Walker* v. *Pritchard*, 121 Ill. 221; 2 Ency. of Pl. & Pr. 157.

The decree is affirmed.                    *Decree affirmed.*