PECK *v.* GRIFFIS.[1]

WILLS—CONSTRUCTION—ESTATE DEVISED—LIFE ESTATE.

A will by which testator gives his wife his personal property absolutely, and his real estate "to have and to hold the same as long as she remains my widow, but if she shall marry again, I request and direct that she sell said lot and divide the proceeds between herself and my sons," gives the wife no more than an estate for life in the real estate, rather than an estate in fee subject to be divested in case she remarries.

Appeal from Kalamazoo; Adams, J. Submitted April 9, 1907. (Docket No. 35.) Decided July 1, 1907.

Bill by Charles A. Peck against Winter Griffis, J. A. Pitkin, administrator de bonis non with the will annexed of the estate of Oliver H. P. Griffis, deceased, James W. Osborn, executor of the last will and testament of Mary L. Griffis, deceased, and others, for the foreclosure of a mortgage. From a decree for defendants, complainant appeals. Reversed, and decree entered for complainant.

[1] Rehearing denied July 15, 1907.

The facts are stipulated and are as follows: The bill of complaint in this case was filed February 24, 1904, for the purpose of foreclosing a mortgage given May 18, 1875, by Winter Griffis and Margaret Griffis, his wife, to secure the payment of $300 in one year after its date, with interest at the rate of 10 per cent. per annum, said mortgage being on lot 351 of Welch's addition to the village of Kalamazoo. Said mortgage was given to secure a lawful debt. No part of the same has been paid. Complainant is the lawful owner of the mortgage, and the same does not come within any statutory bar as to the foreclosure of mortgages. All necessary parties have been made defendants in this suit, and are properly before the court. The defendants Hope and Mary Ross are the owners of a second mortgage given by said Winter Griffis on said property, and they and the said mortgagors have taken said bill as confessed. Winter Griffis, the maker of said mortgage, is one of the two sons of Oliver H. P. Griffis, deceased, who died testate in said county of Kalamazoo on or about April 10, 1860, and, unless the same was otherwise fully disposed of by the will of said deceased, said Winter Griffis inherited from said Oliver H. P. Griffis, and owned at the date of said mortgage, an undivided one-half of the premises described therein, subject to the rights of Mary L. Griffis, his stepmother, and the widow of said deceased, under said will. The following is a copy of said will:

"I, Oliver H. P. Griffis, of the village of Kalamazoo, in the county of Kalamazoo, and State of Michigan, being of sound mind and memory, and considering the uncertainty of this frail and transitory life, do therefore make, ordain, publish and declare this to be my last will and testament, that is to say: *First*,—after all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give, bequeath and dispose of as follows, to wit: To my beloved wife, Mary L. Griffis, the piece or parcel of land belonging to me and described as Lot Number Three Hundred and Fifty-one (351) on Welch's addition to the Village of Kalamazoo, and the

appurtenances belonging thereto, to have and hold the same as long as she remains my widow; but if she shall marry again, I request and direct that she sell said lot and divide the proceeds of such sale equally between herself and my sons Winter Sabin and Wolcott Griffis, all sharing alike in the proceeds of said sale.

"I also give and bequeath to my wife all my personal property of every name and description whatever to be used and disposed of by her as she may think best and proper.

"I likewise make, constitute and appoint my said wife, Mary L. Griffis, to be executrix of this my last will and testament, hereby revoking all former wills by me made.

"In witness whereof, I have hereunto set my name and affixed my seal the 14th day of February, A. D. 1860.

[Signed]        "OLIVER H. P. GRIFFIS.  [L. S.]"

Said will was duly admitted and proved in the probate court for said Kalamazoo county as the last will of said deceased on or about May 20, 1860. Mary L. Griffis, the testator's widow, was appointed and qualified as executrix thereof, and, after her death, the defendant J. A. Pitkin was appointed and qualified as the administrator de bonis non with the will annexed of the estate of said Oliver H. P. Griffis, deceased, and is now acting as such. Said Mary L. Griffis died in the month of October, 1903, without having remarried after the death of her said husband. She left a will which has been duly admitted and proved in said probate court, and the defendant James W. Osborn has qualified as executor thereof and is now acting as such. Said will of Mary L. Griffis did not make specific reference to the lot described in said mortgage, and in said will of Oliver H. P. Griffis, but did refer to "the proceeds  *  *  *  from the sale of such real estate as I shall leave at the time of my decease." Said executor, James W. Osborn, caused said lot 351 to be listed in the inventory of the estate of said Mary L. Griffis, deceased, and the said executor has been in the possession of said premises from the time of her death or thereabouts and has received the rents and prof-

its thereof from that time until the present. The court below found:

"*First.* That Winter Griffis and Margaret Griffis, who executed and delivered to complainant the note and mortgage mentioned and set forth in the bill of complaint, had at the time no right in or title to the lands described therein and attempted to be mortgaged.

"*Second.* That Winter Griffis and Margaret Griffis, his wife, did not take or acquire any title to or interest in the land described in said mortgage under the last will and testament of Oliver H. P. Griffis, deceased.

"*Third.* That at the time of the death of Mary L. Griffis the title to said lands was in her unaffected and unencumbered by the mortgage set forth in the bill of complaint and passed under her last will and testament.

"*Fourth.* That the mortgage described and set forth in the bill of complaint is not a valid and substantial lien or incumbrance upon the lands described therein.

"*Fifth.* That the defendants are entitled to have said mortgage delivered up to be canceled and to have same discharged of record."

And from a decree in accordance with the finding complainant has appealed.

*Walter R. Taylor*, for complainant.

*Alfred J. Mills*, for defendant.

OSTRANDER, J. (*after stating the facts*). It will be noticed that the testator disposes of his personal property absolutely, his real estate upon condition, and to the same person. In this circumstance and in the employment of the words, "to have and to hold the same as long as she remains my widow but if she shall marry again, I request and direct that she sell said lot and divide the proceeds of such sale equally between herself and my sons," etc., is found an intention to devise to the wife no more than an estate for her life, rather than an estate in fee subject to be divested if she should remarry. The words quoted may be construed as a devise over in case of the marriage of the widow, and, so construed, the will gives

her a life estate only.  *Haab* v. *Schneeberger*, 147 Mich. 583.

The decree is reversed, with costs of this court.  A decree will be entered in this court for foreclosure of the mortgage, with costs of the court below, and the record remanded for further proceedings under said decree.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.