ELIZABETH COWMAN, Appellee, *vs.* JACOB GLOS *et al.*
Appellants.

*Opinion filed October 26, 1912.*

1. WILLS—*when wife takes a life estate and not base fee.* Under a will devising all the testator's real estate to his wife so long as she remains unmarried, and in case she re-marries then one-third shall go to her and the remainder be divided equally among the testator's three named children, (there being no disposition of the remainder in case the wife should not re-marry,) the wife takes a life estate, only, subject to its being terminated by her re-marriage, in which case the fee will vest, one-third in her and two-thirds in the children named; and if she does not re-marry the remainder descends to the testator's heirs.

2. REGISTRATION OF TITLE—*life estate cannot be registered before the fee simple.* Under the statute a life estate cannot be registered unless the fee simple title to the same land has first been registered.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

GEORGE C. MASTIN, and JOHN J. SHERLOCK, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The appellee made application to the circuit court of Cook county for the initial registration of her title to certain real estate in that county. The examiner to whom the application was referred reported that the appellee was the owner of a base or determinable fee simple estate in the premises, subject to be determined, as to two-thirds thereof, by her re-marriage, and that her title was subject to a contingent remainder, as to an undivided two-thirds thereof, in the infant defendants, Thomas F. Cowman, John J.

Cowman and Mary Cowman, in case of the re-marriage of the appellee. The appellants, who were the owners of certain tax titles which the report recommended should be set aside, objected to the report, for the reason, among others, that the examiner found that the appellee was the owner of a base or determinable fee simple estate, subject to be terminated, as to two-thirds thereof, by her re-marriage. The court overruled the objections and entered a decree for the registration of the title, setting aside the appellants' tax titles upon reimbursement of a certain sum found to be equitably due on account of them. The appellants have assigned for error, among other things, the finding that the appellee was the owner of a base or determinable fee in the premises and the ordering that such title be registered.

The appellants have argued chiefly the proposition that a base or determinable fee is not such a title as can be registered. That proposition cannot be determined in this case for the reason that the appellee has no such title. Her title is derived under the will of her husband, John Cowman, whereby he devised all his real estate to her so long as she remains unmarried, and in case she re-marries, then one-third shall go to her and the remainder shall be divided equally among his children, Thomas Cowman, John J. Cowman and Mary Cowman. This devise gives to the appellee a life estate only, subject to be terminated by her marriage, in which case the remainder in fee would vest, one-third in her and two-thirds in the children named. (*Kratz* v. *Kratz*, 189 Ill. 276; *Rose* v. *Hale*, 185 id. 378; *Dubois* v. *VanValen*, 67 N. J. Eq. 331; *In re Brooks' Will*, 125 N. C. 136; *Rausch* v. *Rausch*, 31 N. Y. Supp. 786; *Mansfield* v. *Mansfield*, 75 Me. 509; *Fuller* v. *Wilbur*, 170 Mass. 506; *Farmers' Bank of Alexandria* v. *Hooff*, 4 Cranch's C. C. 323; 1 Washburn on Real Property, [6th ed.] 103, sec. 222; 4 Kent's Com. *26; 2 Blackstone's Com. 121; Coke on Litt. Lib. 1, chap. 6, sec. 56.) The remainder in case she should not marry was not disposed of by the will

and would therefore descend to the testator's heirs. The finding as to the title is erroneous. Under section 8 of the statute no estate less than a fee simple can be registered unless the fee simple to the same land is first registered. There can therefore be no decree for the registration of the title without an amendment of the application.

The evidence that the premises were vacant and unoccupied sufficiently identified the premises.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*