WEYMOUTH, Appellant, vs. GRAY and others, Respondents.

*March 6—April 3, 1918.*

*Vendor and purchaser: Nature of vendor's title under will: Defeasible fee.*

A widow who, under her husband's will, took the absolute title to real property subject to be defeated by her remarriage, and was not given the power of disposition, cannot convey a good and marketable title in fee simple.

APPEAL from an order of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *D. E. Roberts* of Superior, and for the respondents on that of *Grace & Fridley* of Superior.

WINSLOW, C. J.    This is an action brought by the vendor for specific performance of a contract to sell and convey land.    The plaintiff appeals from an order overruling a general demurrer to the answer.    The question raised is whether, under the allegations of the answer, the plaintiff can convey a good and marketable title in fee simple to the land.

Plaintiff's title is derived from the will of her deceased husband, Daniel A. Weymouth, by which the testator directed that all of his property should go to the plaintiff "so long as she shall remain single;" in case of her marriage she to have the homestead and one third of all other property, the balance to go to the testator's brothers and sisters.    The will was construed by this court in the case of *Will of Weymouth*, 165 Wis. 455, 161 N. W. 373, and it was held that it gave to the plaintiff absolute title to the property (other than the homestead), subject to be defeated by breach of the limitation in the will.    The property in question here is a part of the property other than the homestead.    We think it very plain that the plaintiff cannot convey an absolute fee

simple. . It is not necessary to bestow any name upon her title. We are paying less regard to the technical names of estates and the refined distinctions which were the joy of the ancient real-estate lawyers every year. The testator was entitled to give the plaintiff just such an interest as he chose in the property, providing it was not forbidden by or contrary to the statute. He chose to give her an estate which would terminate (as to two thirds of the property) if she married again. He intended his brothers and sisters to take the two thirds upon the happening of that event. Manifestly he did not intend that the plaintiff should have the power to defeat the claim of his brothers and sisters simply by making a conveyance of the property. There is nothing in the statutes contrary to such a disposition of real property; in fact the statute seems to contemplate it favorably. Secs. 2051, 2056, and 2059. The will does not invest the plaintiff with the power of disposition, in addition to the estate granted, as in *Roberts v. Lewis,* 153 U. S. 367, 14 Sup. Ct. 945. No words in the will indicate the wish of the testator to invest the plaintiff with that power.

*By the Court.*—Order affirmed.