WILL OF RITCHIE: RITCHIE and others, Appellants, vs. BRINDLEY, Administrator, and others, Respondents.

*April 6—May 11, 1926.*

*Wills: Construction: Intention of testator: Control of property to wife during widowhood: Distribution after her death: Estate devised: Legacy to wife at her death: Validity.*

1. A will must be construed from what appears on its face and in connection with the undisputed facts as to relationships and surrounding circumstances, the intention of the testator being always the pole-star of construction. p. 118.
2. A provision in a will giving corporation stock to testator's wife "at her death" was properly held invalid by the trial court, and such shares were intestate property. p. 118.
3. A will which gave testator's wife "full control" of his entire estate as long as she remained his widow, and which provided for a specific portion thereof to her and the remainder to others if she remarried, and for a division of the personal property among designated beneficiaries at her death, is construed to give the wife an estate in the real property of testator which was less than the fee he held, and which terminated upon her death. p. 119.

APPEAL from an order of the county court of Richland county: P. L. LINCOLN, Judge. *Reversed.*

Construction of a will executed September 1, 1914, by William Ritchie, who died November 17, 1919, eighty years of age. He left him surviving his second wife, Elizabeth, eighteen years his junior. They married in 1869, testator then having three sons, still living, *W. R., J. E.,* and *H. A. Ritchie,* and his wife one, W. H. Elletson, who died in 1922, preceding the death of his mother and leaving a widow

and children. The estate consisted of real property, a small grocery stock, and dividend-bearing shares in a bridge company. The widow received the income from the property, principally from the bridge stock, after testator's death, and made no application for probate of the will until June 6, 1921. August 5, 1924, and prior to final settlement the widow died, not having again married. Thereafter petition was made for final settlement and for a construction of the will.

The material portions of the will are as follows:

"I give and bequeath to my wife, Mrs. E. Ritchie, full control of all my property, houses, rents, and the store, and all the goods in the store and all the goods in the dwelling house, household furniture, beds, bedding, and the use of the piano as long as she remains my widow, and if she wishes to get married again everything shall be divided in the following manner: giving my wife her one third out of all the property, both real and personal, including cows, hogs, and goods in the store and notes and accounts; and I give her the use of my stock in the Union Bridge Company as long as she remains my widow. And at her death or remarriage the bridge stock shall be divided as follows, to wit:

"To *W. R. Ritchie* I will and bequeath fifty shares, to *J. E. Ritchie* fifty shares, to *H. A. Ritchie* fifty shares, to W. H. Elletson fifty shares, and to Mrs. E. Ritchie, my wife, I give her sixty-eight shares, and in case that she remarries all my property, both real and personal, after deducting her one third, is to be divided between *W. R. Ritchie, H. A. Ritchie,* and *J. E. Ritchie* share and share alike."

The court construed the will as giving to the widow the fee rather than a life estate in the real estate.

From such order the three sons of testator have appealed.

The cause was submitted for the appellants on the brief of *Hill, Thomann & Beckwith* of Madison, and for the re-

spondent administrator on that of *Brindley & Brewer* of Richland Center.

ESCHWEILER, J.  Construing this will as we must (*Estate of Paddock,* 186 Wis. 544, 549, 203 N. W. 347), from what appears within its four corners and in connection with the undisputed facts as to the relationships and surrounding circumstances, we are of the opinion that testator's intention, always the polar star of construction, must have been that his widow was to receive a lesser estate than the fee which he then had and an estate which would terminate either upon her marrying again or upon her death.

He gives and bequeaths to his wife "full control" of all his property, houses, rents, etc., "as long as she remains my widow."  Express provision is then made immediately following for a division of such property, real and personal, in case she again marries, so that in such event she is reduced in ownership to a one third, but no direction is found in such provision for distributing the remaining two thirds, and for such direction recourse must necessarily be had to other language of the will, there being no express residuary clause.

It is clear that he intended to treat all his property, real and personal, other than the bridge stock, as one distinct class and the bridge stock as another and entirely separate class; that his stepson was not to share in any event in such first class, and in the second of those classes in the event of either a subsequent marriage or upon her death.  Then as to this second class followed the peculiar provision that though she be dead she was nevertheless to be given sixty-eight shares of such stock,—this provision being properly held by the trial court invalid and the sixty-eight shares intestate property.

It is equally clear that he did not intend to give to the widow the fee absolute which he had in the real estate,

because the repeated phrase, "as long as she remains my widow," and the references to her again marrying are very plainly intended as limitations or restrictions upon the estate intended rather than mere description or identifications of the person intended.

Therefore, a construction that she took the absolute title which he had is not required by force of sec. 238.02, Stats. (formerly sec. 2278), which provides that a devise shall be held to convey all the estate devisor had unless the contrary clearly appears by the will. It is evident that the widow could not have given complete title by deed. *Weymouth v. Gray,* 167 Wis. 218, 167 N. W. 270.

Construing the will here as an entirety, we think she was given but a life estate in the real property and a still more limited estate than such held to be given of the fee subject to defeat by marriage, in the cases of *Weymouth v. Gray. supra,* and *Will of Weymouth,* 165 Wis. 455, 460, 161 N. W. 373 (both cases involving the same will), or in *Will of Baird,* 171 Wis. 215, 177 N. W. 23. This later case was the determining one in the court below, but there the gift of specific real estate to the wife "so long as she shall remain my widow" (p. 216) was without any other qualifying clause and without the limitations here found as to control, use, and disposition.

As a general rule the authorities hold that a gift which in substance is to one as long as she remains testator's widow, or kindred phrases, such as during widowhood, even under statutes such as ours, is the gift of a life estate rather than one which survives her. It is so stated by the text-writers. 1 Schouler, Wills (6th ed.) § 1227; Rood, Wills. § 540; 2 Alexander, Wills, p. 1401.

A few of the cases which might be cited on the subject hold as follows:

In *Estate of Schriever,* 221 N. Y. 268, 116 N. E. 995, a gift of the income of all the estate to the wife "while she

remains my widow;" should she remarry, the estate to be divided as afterwards provided, it was held to be a proper construction that in the gift of a life estate with remainder over if she remarries, the testator has also in mind the ending of the life estate by death as well (p. 272). In *Knight v. Mahoney,* 152 Mass. 523, 25 N. E. 971, 9 L. R. A. 573, a clause "so long as she remains my widow" created a life estate. See, also, *Fuller v. Wilbur,* 170 Mass. 506, 49 N. E. 916. In *Peck v. Griffis,* 148 Mich. 682, 112 N. W. 722, where the gift was "as long as she remains my widow" and with a provision for division if she marry again but none in case of death, it was held but a life estate. So in *Fetter v. Rettig,* 98 Ohio St. 428, 121 N. E. 696, a gift being "so long as she remains my widow" although she also had a power to sell again, held to be but a life estate. In *Tillerson v. Taylor,* 282 Mo. 204, 220 S. W. 950, under a statute similar to ours, a gift of all real and personal property to have and to hold "so long as she remains my widow" and providing that if she remarries "all to be divided among my brothers," it was held that the brothers took on her death, citing on this point the cases in 221 N. Y. and 170 Mass. *supra;* also *Rose v. Hale,* 185 Ill. 378, 382, 56 N. E. 1073; *Cowman v. Glos,* 255 Ill. 377, 99 N. E. 586. Many cases on both sides of this troublesome problem may be found in 28 L. R. A. N. s. 1093, note on p. 1099, and L. R. A. 1918 C, p. 856.

Considerable weight was attached by the trial court, in reaching his conclusion that there was an estate in fee, to the words "full control of all my property" found in this will and which he construed in the light of the decision in *Welsh v. Gist,* 101 Md. 606, 61 Atl. 665, where, after several specific provisions, testator gave to his wife "all the rest of my estate I give her full control." Such phrase was construed to mean not mere control during her lifetime but every incident of absolute ownership, with full power to deal

with the property and as not lessening the gift. As against this, however, may be cited *Bramell v. Cole,* 136 Mo. 201, 37 S. W. 924, 927, 58 Am. St. Rep. 619, where it was provided that after payment of debts the remainder was to go to the wife during her natural lifetime, she to have the entire control of the real estate, which phrase was there held not to enlarge the life estate.

The difficulties presented in attempting to draw anything like a clear boundary line on such a subject in the construction of wills not drafted with any approach to scientific accuracy may be illustrated by the following: *Jones v. Jones,* 66 Wis. 310, 28 N. W. 177, gift to the wife with right to sell the real estate if that be her choice, and after her death the property to the children, held a life estate only with vested remainder in fee in the children; *Hovely v. Herrick,* 152 Wis. 11, 139 N. W. 384; *Will of Olson,* 165 Wis. 409, 162 N. W. 429; *Will of Brooks,* 167 Wis. 75, 166 N. W. 775; *Will of Wagen,* 185 Wis. 110, 200 N. W. 765.

We hold that it plainly appears that the testator intended that on the death of his wife not having married his children, rather than his stepson or the heirs of the latter, should take the real estate in question.

*By the Court.*—Order reversed, with directions to enter judgment in accordance with this opinion.