Argued at Pendleton November 1; modified December 5, 1939

## DOBBIN v. VANDERMEULEN ᴇᴛ ᴀʟ.

(96 P. (2d) 761)

In Banc.

*J. S. Hodgin,* of La Grande, for appellants.

*Carl G. Helm, Jr.,* of La Grande (Carl G. Helm, of La Grande, on the brief), for respondent.

RAND, C. J. The plaintiff, James D. Dobbin, is a tenant in common in a 238-acre farm in Union county, Oregon, and claims to be the owner of a two-thirds interest therein. He brought this suit against the other cotenants, praying for a partition of the property and that a decree be entered adjudging him to be the owner of a two-thirds interest therein. He obtained a decree adjudging him to be such owner and, from this decree, the defendants have appealed.

The controversy is solely as to the quantity of the ownership in the land and its solution depends upon the construction to be placed on the last will and testament of Egbert Vandermeulen, a former owner of the land who died on May 19, 1897, and devised the land to his widow and six children. In disposing of his estate, the testator made the following declarations in his will:

"1st. After all my lawful debts, whether to government or to individuals, are paid, and discharged, I give, bequeath, and devise to my beloved wife, Anna Vandermeulen all my real and personal property wheresoever situated for her sole use and benefit during her life if she so long shall continue my widow, and at her decease or second marriage to go to my children and my beloved wife Anna Vandermeulen as follows, to-wit: my son Aught Vandermeulen to have One Seventh thereof, less eight hundred and ninety-four and 75/100 dollars, which sum I have advanced to him for his own benefit in the world, my son Robert Vandermeulen to have one seventh thereof, less one hundred and forty dollars, which sum I have advance to him for his own benefit and advancement in this world, my daughter Lillie Brannon to have one seventh thereof less two hundred and seventy dollars, which sum I have advanced to her for her own benefit and advancement in the world, my son Bonen Vandermeulen to have one seventh thereof, my son Jacob Vandermeulen to have

one seventh thereof, my son Martin Vandermeulen to have one seventh thereof, and my wife Anna Vandermeulen to have one seventh thereof, but if any of said sums advanced shall be equal to the share or shares of such child or children respectively of and in my estate by me hereby devised for their respective benefits such sum or sums so paid or advanced shall in that case be accounted in full satisfaction of the share or shares of such child or children respectively in my said estate and premises, but if such advanced sum or sums shall be less than the share or shares of my said child or children respectively of and in my said estate, then such advanced sum or sums shall be accounted as a part only of the share of such child or children, and to the end and intent that my estate may be equally divided among all my said children and wife,

2nd. That I make and appoint my beloved wife, Anna Vandermeulen sole executrix of this my last will and testament without the necessity of giving bonds.''

The testator's widow never remarried and she died testate on April 8, 1938, leaving her interest in the land to her granddaughter, Edna Allen.

■■ As a general rule, the authorities hold that a gift to one, as long as she remains testator's widow, is the gift of a life estate rather than one which survives her: Schoulder (6th ed.) sec. 1227; Rood on Wills, p. 540; 2 Alexander on Wills, p. 1401; and *In re Ritchie's Will,* 190 Wis. 116, 208 N. W. 880. This rule applies only to a gift of a life estate. It has no application to a gift in fee where the testator gives a life estate in a part of his property and gives the other part in fee to the life tenant.

■■ It seems plain from the provisions of the will above referred to that the scheme adopted by the testator for the distribution of his entire estate was to give to his wife, if she did not remarry, a life estate in six-

sevenths of his property and to make an immediate gift to her of one-seventh thereof, and to provide that, upon her death or remarriage, the remaining six-sevenths should be immediately distributed in equal shares to his six children less certain deductions on account of advancements made to three of them. That the testator intended to make a present gift to his wife of a one-seventh interest in his entire estate is obvious from a mere reading of the will. To hold otherwise would require the court to hold that, as to one-seventh of his estate, he died intestate. It will be presumed that the testator intended to dispose of his entire estate and the will must be so construed unless this presumption is rebutted by its provisions.

The plaintiff's contention that the gift to the widow of a one-seventh interest in the land was to take effect only upon her death and was, therefore, ineffectual and void finds no support in the language contained in the will. Obviously, the testator, in executing his will, was providing against two contingencies—the death of his wife, which was sure to occur, and her possible re-marriage—and, until the happening of one of those events, he wanted his wife to have the sole control and the full use and benefit of his entire estate, but, upon the happening of either event, he wanted each of his children to then receive a one-seventh share of his property.

It was admitted upon the argument that the testator's property had been acquired by the joint efforts and labor of the testator and his wife. It would, therefore, be unreasonable to assume that, in making his will, the testator intended that, in case of his wife's remarriage, she should be cut off from all interest in his estate and receive nothing therefrom.

The plaintiff has acquired by mesne conveyances the interests of four of the testator's children in the land and, since the interest of each was a one-seventh interest, the plaintiff is now the owner of a four-sevenths interest therein and not of a two-thirds interest, as claimed by him, and, upon the sale of the property, if one is made under the decree appealed from, the plaintiff will be entitled to receive only four-sevenths of the proceeds realized therefrom.

The decree of the circuit court, therefore, will be modified so as to conform to what is here said. As so modified, the decree is affirmed.

BAILEY and KELLY, JJ., not sitting.