PAGE, *Ex'r, App't,* v. BOYNTON, *Guardian.*

A trust fund is not chargeable with the trustee's expense of the defence of a suit which it was his duty to avoid.

APPEAL, from a decree of the probate court, disallowing the plaintiff's claim for the fees of counsel employed by him to defend a suit brought against him on the bond given by him as executor. Facts found by the court.  The defendant is the widow of the testator, and the mother of two daughters, one of whom has received her legacy.  The other daughter, having arrived at the age of fourteen years, elected the defendant for guardian, and she was appointed.  The guardian demanded of the executor a legacy alleged to be due the ward, and the executor refused to pay it, contending that under the will payment could not safely be made.  Upon leave obtained from the probate court, the guardian brought an action against the executor on his bond for the legacy.  The executor employed counsel to defend the suit, who advised him that it was doubtful whether under the will the action could be maintained, and that it might be unsafe to comply with the guardian's demand without judicial order.  His counsel appeared, and upon an agreed statement of facts judgment was rendered against him.

*Bingham, Mitchells & Batchellor*, for the plaintiff.

*Barnard & Barnard*, for the defendant.

DOE, C. J. It is not found that the executor judiciously or reasonably allowed the suit against himself to be brought as a substitute for a bill in equity for a construction of the will; and the facts show that a judicial construction of the will was not needed. Whatever doubt the executor might have entertained on the question of construction, no litigation or judicial order was necessary to resolve it. The daughter, being fourteen years old, made choice of her mother as guardian, and her mother was appointed. The question raised by the executor was, whether the mother, as guardian, was entitled to the fund for the use of her daughter, or whether the mother, as legatee, was entitled to the income of the fund some time longer for herself. This question was immediately decided by the mother in a manner that left no doubt of the executor's duty. As guardian, she demanded the fund of him for her ward. As guardian, she applied to the probate court for an order for suit on his bond, setting forth her claim intended to be recovered. G. L., c. 206, s. 4. As guardian, she obtained the order, and presumably complied with the law by giving security for the costs which he would recover if he prevailed. As guardian, she brought the suit; and as guardian, she prosecuted it to judgment, a brief statement of her claim being presumably indorsed on the writ. G. L., c. 206, s. 5. As guardian, she claimed that she had no personal claim upon the fund or the executor. The course taken by her as guardian was proof that ought to have satisfied him that she waived the question which he insisted upon raising in her behalf, and that she would secure him against any apprehended danger by releasing any personal right that he might fear she had to further income of the fund. What was wanted was, not a suit on his bond, or a bill in equity for a construction of the will, but a readiness on his part to comply with the demand made by her as guardian, upon her relinquishing all further personal claim that might be set up by her as legatee.

He knew she was ready either to give him a sufficient quittance, or (if he preferred the security of a judicial judgment) to put on the probate record a writing, signed by herself as legatee, requesting a decree requiring him to deliver the fund to her as guardian. The express terms of his official bond, fixed by statute, pointed out a performance of his duty in obedience to such a decree, properly and economically obtained without controversy. G. L., c. 195, s. 12. He could have performed his duty either by obtaining such a decree, or by complying with the guardian's demand without a decree, and with an adequate discharge required from her as guardian and legatee. The guardian incurred costs and expenses by which the legacy given the daughter by her father will be reduced, if the guardian acted reasonably on a belief that an inexpensive probate decree would not answer the purpose of a suit on the bond.

The estate was committed to the executor's care, and it was not

his right to cause it to be wasted by assuming the attitude of negation and inaction that involved it in useless litigation. He was bound to execute the will with reasonable diligence. *Tilton* v. *Society*, 60 N. H. 377, 384. It was the will of the testator and a requirement of the law that this fund should not be wholly or partially consumed by the expense of a suit that could easily, justly, and legally be avoided by ordinary care taken by the executor. To the extent of the guardian's expense of pursuing him, if it is paid out of the fund, the will is defeated instead of being executed. He shows no cause for allowing any of his expense of litigation as an expense of the fund. It does not appear that the mother needed to be protected against her daughter or against herself by his effort to prevent her surrendering to her daughter any claim he might think she had upon him for the income.

*Appeal dismissed.*

STANLEY, J., did not sit: the others concurred.