## WILLIAMSON v. TUNIS.

### (*Jackson.* May 11, 1901.)

WILLS. *Gives transmissible interest, when.*

Under a devise of lands to testator's daughter, and, upon her death without issue, to her surviving brothers and sisters, or their issue, the daughter takes a vested and transmissible interest, subject to the contingency of dying without issue, and her issue take, not under the will, by inheritance from her.

Cases cited and approved: Petty v. Moore, 5 Sneed, 128; Owen v. Hancock, 1 Head, 563; Alston v. Davis, 2 Head, 266; Cowan, McClung & Co. v. Wells, 5 Lea, 684.

Cited and distinguished: Springfield v. Jackson, 11 Lea, 348; Turner v. Ivie, 5 Heis., 222.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. M. B. TREZEVANT, Sp. Ch.

R. P. CARY for Williamson.

J. B. HEISKELL for Tunis.

WILKES, J. In the shape this cause comes before this Court it is a bill to have the rights of complainant declared in a tract of land containing four acres, and to have the same partitioned

and to have construed the will of B. B. De-Graffinreid. Complainant's right depends upon the construction of the will of B. B. DeGraffinreid. This will was made April 4, 1846, with a codicil dated 14th September, 1855, and disposed of a large amount of land, slaves and personal property.

The testator left a son, Henry E., who died intestate and without issue, a daughter, Elizabeth Springfield, who died leaving one son, Baker C. Springfield, who is still alive, but has now no interest in the controversy, a daughter, Agnes I. Fleece, who died intestate and without issue, and a daughter, Sarah B. Green, who died intestate September 28th, 1900, leaving defendant, J. N. Green, as her only living child, and complainant, Ada F. Williamson, as her grandchild, the daughter of a deceased child, and a grandson, Josiah Evans, who died intestate after his grandmother, leaving no children.

Complainant can only recover upon the right of her grandmother, Sarah B. Green, under the terms of the will of her father, B. B. DeGraffinreid, and she claims one-eighth of the property. Defendants, except J. N. Green, claim under a conveyance from Baker C. Springfield, Sarah B. Green and J. N. Green, and they are in possession.

The Chancellor held that Mrs. Sarah B. Green took an absolute estate in her share in this land,

and that passed by her deed to Tunis, the ancestor of defendants, and from this portion of the decree the complainant appealed.

He also held that complainant, Ada, took equally with her uncle, J. N. Green, in all the other property of the estate devised to Mrs. Green except the land described in the bill, and from this part of the decree J. N. Green appears to have appealed, but has assigned no errors.

It is assigned as error for complainant that the Court incorrectly held that Sarah B. Green took an absolute estate, and not for life only, with remainder to her children and their descendants.

The provisions of the will which bear upon the title and interest of Mrs. Green are long and complicated, the property being settled upon and vested in trustees, but the language upon which the controversy turns is as follows:

"Upon the decease of either of my said daughters, Sarah and Agnes, or grandson, Josiah, or all, without leaving living child or children or descendants of such, then the portion allowed for such child or children or grandchildren so dying without leaving child or living descendants of such, to go in equal proportion to the survivors," or, put in shorter language, the limitation to Mrs. Green is to her, and upon her death without issue, then to her surviving brothers and sisters.

The contention on complainant's part is that

the proper construction of such limitation is that in the event there is issue as in the case of Mrs. Green, such issue take a remainder under the will, while for the defendants the contention is that in the event there is issue the estate of the first taker, Mrs. Green, became absolute. In other words the estate was vested in Mrs. Green subject only to be defeated by her dying without issue.

This will has heretofore been partially construed in the case of *Springfield* v. *Jackson,* 11 Lea, 348, the exact question in that case being the power of Blount Springfield to sell the land given to his wife.

It was said in that case that the title of Mrs. Springfield upon her death vested in her son, Baker C., by the terms of the will of DeGraffinreid.

But the provision under which Mrs. Springfield held her title is not the same as that vesting title in Mrs. Green, but as to Mrs. Springfield, it is provided in the third section of the will that her share on her death should go to her child or children or their descendants, and on failure of such to revert to the estate, while in the devise to Mrs. Green there is no provision that the property should go to her children or their descendants, but simply that if she died without issue then her share is to go to her brothers and sisters.

The consequence is that as to Mrs. Green's share it is absolute under the terms of the will, except in the one contingency that she die leaving no issue, and that contingency not having happened, but · she having died leaving issue, the estate was absolute, and would, in the absence of any other disposition, have passed to her heirs as such, and her children would have had no interest as devisees, though they might have taken as heirs. But in the meantime she and her son, defendant J. N. Green, disposed of her interest in the estate to the ancestor of defendants, and vested in him all their interest, share and estate. *Petty* v. *Moore,* 5 Sneed, 128; *Owen* v. *Hancock,* 1 Head, 563; *Alston* v. *Davis,* 2 Head, 266; *Cowan, McClung & Co.* v. *Wells,* 5 Lea, 684. These cases in substance hold that under like limitations and terms the birth and survival of a child determines the contingency, and the estate is vested and absolute, and there being no express limitation to the children, none will be implied, and they will take nothing as devisees.

There is a provision in the will that "upon the decease of either of my children without issue"

her estate shall go over to the survivors or their issues, but this does not mean the issue of the daughter dying, but of the brother or sister, and, moreover, the contingency is the death of the daughter without issue, a contingency which did not happen in the case of Mrs. Green.

There are some expressions in the will which are relied upon as indicating an intention upon the part of the testator to limit the estate of his daughters and this is no doubt true, but the question is, To what extent do the limitations go? We think the expressions relied on only go to the extent of vesting the estate in trustees for the use of the daughters and in trust for the support and maintenance of their children, but not to the disposition of the estates after the death of the daughters, which is dependent alone on the contingency of dying without issue, so far as Mrs. Green is concerned.

It follows that there is no error in the decree of the Chancellor, and it is affirmed and the bill is dismissed as to all the defendants except J. N. Green. As to him it is affirmed, he not having prosecuted his appeal by assigning errors.

The cost of appeal will be equally divided between the complainant and said J. N. Green. The costs of the Court below will remain as adjudged by the Chancellor.