## WILL OF WAGEN.

*October 16—November 11, 1924.*

*Wills: Construction: Devise of real estate: Absolute fee or life estate.*

A will which devised realty by words which were apt to convey a fee, but on the condition that if the real estate was sold by the devisee a part of the proceeds might be retained by her and the balance be divided among the testator's children, is construed, after the death of the devisee, who did not sell the land, to vest title in the heirs of the devisee, and not in the heirs of the testator. p. 112.

APPEAL from a judgment of the county court of Milwaukee county: JOHN C. KAREL, Judge. *Reversed, with directions.*

*E. W. Van Dyke* of Milwaukee, for the appellant.

For the respondents there was a brief by *Otjen & Otjen, Leonard Kleczka,* and *Rowan, Kalaher & Stoecker,* and oral argument by *Ottomar Kloetzner,* all of Milwaukee.

CROWNHART, J.    Christian Wagen died testate. His will contained the following provision:

"I give and bequeath to my beloved wife, Mary Wagen, the following described real estate, to wit: the west 5 acres of the west 30 acres of the east 55 acres of the half of the northeast quarter of section 33, town 6, range 22 east, in the aforesaid town, county and state, under the following conditions: If said land should be sold by her she may retain from the money received therefrom the sum of $400 for her own use and benefit, the balance of said sale to be divided between my children share and share alike.   The names of my living children are as following: Karl, Maria, Emilie, Jacob, Emma, Johan, Theodor, Pauline, Henrich, Frederick, Emil, and Bertha.   My other real estate I direct shall not be sold till the youngest of my children becomes of age, and only with the full consent of my wife if she is still living and my widow, and she shall have the income of said estate.   But in case of her decease said estate to be divided between my aforesaid children share and share alike (except my daughter Maria) which she has, being paid the sum of $500.   I devise to Ferney Wagen the sum of $400 to be taken out of her mother's share (Bertha Meyer).   My personal property and farming implements shall remain on the farm, except in case the farm should be rented.   Then my wife may sell the aforesaid personal and implements and keep the proceeds therefrom for the use of herself."

The appellant contends that by such will Mary Wagen, Christian Wagen's widow, received an estate in fee in the five-acre tract first devised.   The respondent contends, and the lower court so held, that the widow took only a life estate in said tract.   The widow died intestate and her heirs claim the tract of land in dispute by inheritance.   This construction of the recited clause in the will of Christian Wagen is the only matter in issue.

It must be observed that the will uses apt words to convey title in fee to the tract, subject to condition. Testator's other estate is disposed of in plain terms, but no other disposition of the five-acre tract is made.

We hold that the devise to the widow of the five-acre tract was absolute and the same descended to her heirs.

By oral testimony it appears that the five-acre tract was bought with money belonging to the wife of the testator for a consideration of $400. This accounts for the peculiar wording of the will.

In no event can the heirs claim under such provision of the will because the widow made no sale of the premises.

*By the Court.*—The judgment of the county court is reversed, with directions to enter judgment in favor of the appellant in accordance with this opinion.