J. V. AND L. A. MONTEDONICO, ADMINISTRATORS, ESTATE OF ANNIE MONTEDONICO, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13518.   Promulgated June 13, 1928.

*Lewis J. Wallace, Esq.,* and *H. B. McCawley, Esq.,* for the petitioners.

*L. S. Pendleton, Esq.,* for the respondent.

574

## OPINION.

SIEFKIN: The executors of the estate of Annie Montedonico, in making the estate tax return, included an account of realty which Annie Montedonico had acquired under the will of her husband, J. D. Montedonico, a one-twelfth interest in certain real property located in Memphis, Tenn.

·The will of her husband read in part as follows:

I direct that the life insurance which I carry in the Mutual Life Insurance Company and in the Manhattan Iife Insurance Company, both of New York. shall be divided equally between my wife, Annie Montedonico, and my five

children. All of my other property, real, personal, or mixed, I give, bequeath and devise unto my said wife, Annie Montedonico, to be free from the control, custody or management of any future husband. In case my wife should sell any of my real estate, I direct that she divide the proceeds of such sale equally between herself and all of my said children.

At the time of his death, J. D. Montedonico owned a one-half undivided interest in certain real estate in Memphis, Tenn., the other one-half interest being owned by his brother, Louis Montedonico.

The value of the real property included in the will was fixed by the respondent at $103,000 and this value is not contested.

Section 402 of the Revenue Act of 1921 provides:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

We must determine the interest in the realty which Annie Montedonico held at her death, and it becomes necessary to interpret the will, since it has not been judicially construed by the courts of Tennessee. The respondent has held that under the will of her husband Annie Montedonico acquired all of her husband's interest in the property.

In the depositions in this proceeding evidence was submitted as to statements made by Joseph D. Montedonico before his death to show his intentions as to the disposition of his property under his will.

In 40 Cyc., at pages 1427–1428, it is said:

Since a will is to be construed from the written language of the instrument itself, as a general rule parol or extrinsic evidence is not admissible to add to, vary or contradict the terms of a will, but may be admitted for the purpose of counteracting fraud in a devise or bequest. Thus where a testator's intention is expressed in plain and unambiguous language, parol or extrinsic evidence is inadmissible to show an intention different from that shown in the will.

In *Barber* v. *Pittsburgh, etc. Ry.*, 166 U. S. 83–109, the court said:

* * * Evidence of extrinsic circumstances, such as the testator's relation to persons, or the amount and condition of his estate, may be admitted to explain ambiguities of description in the will, but never to control the construction or extent of devises therein contained. As said by this court, speaking by Mr. Justice Grier: "A court may look beyond the face of the will where there is an ambiguity as to the person or property to which it is applicable, but no case can be found where such testimony has been introduced to enlarge or diminish the estate devised." *King* v. *Ackerman*, 2 Black, 408, 418. See also *Allen* v. *Allen*, 18 How. 385.

In the instant proceeding, we can see no ambiguity in the language used in the will, and we must, therefore, determine from the will itself the interest in the property which Annie Montedonico acquired thereunder.

In *Barber* v. *Pittsburgh, etc. Ry., supra*, the court said at page 99:

Where the construction of certain words in deeds or wills of real estate has become a settled rule of property in a state, that construction is to be followed by the Courts of the United States in determining the title to land within the State, whether between the same or between other parties.

We must, therefore, turn our attention to the laws regarding real property as applied in Tennessee.

Section 3672 Shannon's Code of Tennessee provides:

The term "heirs," or other words of inheritance, shall not be requisite to create or convey an estate in fee; and every grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or devisor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument.

It would appear then that the words " give, bequeath and devise " would be sufficient to create an absolute estate in the absence of express terms to the contrary.

Does the statement, " In case my wife should sell any of my real estate, I direct that she divide the proceeds of such sale equally between herself and all of my said children," contained in the will, operate to defeat the vesting of a fee simple in Annie Montedonico?

In the case of *Williamson* v. *Tunis*, 64 S. W. 10, decided by the Supreme Court of Tennessee the testator devised his realty to his daughter, but upon her death without issue, to her surviving brothers and sisters. The court said in part:

The contention on complainant's part is that the proper construction of such limitation is that, in the event there is issue, as in case of Mrs. Green, such issue take a remainder under the will; while for the defendants the contention is that, in the event there is issue, the estate of the first taken, Mrs. Green, became absolute—in other words, the estate was vested in Mrs. Green, subject only to be defeated by her dying without issue.

* * * * * * *

The consequence is that, as to Mrs. Green's share it is absolute under the terms of the will, except in the one contingency that she die leaving no issue; and, that contingency not having happened, but she having died leaving issue, the estate was absolute, and would, in the absence of any other disposition, have passed to her heirs as such, and her children would have had no interest as devisees, though they might have taken as heirs, * * *.

In *Anderson* v. *Lucas* (Tenn.), 204 S. W. 989, the testator devised real estate to trustees for the benefit of his daughter for life and if she should die without issue, the property to be equally divided among other daughters and their heirs. It was held that the daughter took an estate in fee. On page 993 the Court said:

In addition we have a line of cases which hold in substance that where an estate is created in fee or for life, and on this estate another is conditioned to arise by way of executory devise, on the occurrence of a given event, and that event does not occur, so that the estate over cannot vest, then the first estate continues, and if a life estate is enlarged into a fee. Citing *Owen* v. *Hancock*, 1 Head. (38 Tenn.) 266; *Petty* v. *Moor*, 5 Sneed (37 Tenn.) 126; *Cowan* v. *Wells*, 5 Lea (73 Tenn.) 682; *Nott* v. *Fitzgibbon*, 107 Tenn. 54, 64 S. W. 26, and *Williamson* v. *Tunis* (Tenn.) 64 S. W. 10. So in the present instance, it appearing that Mrs Anderson had children born to her, the present complainants, and having herself died, it was impossible for the estate to vest, so the fee became vested in her. But her children could not take any estate under such a devise, but only by inheritance.

*In re Wagen's Will*, 200 N. W. 765, a case decided by the Supreme Court of Wisconsin in 1924 contained the following language:

I give and bequeath to my beloved wife, Mary Wagen, the following described real estate to wit: the west 5 acres of the west 30 acres of the east 55 acres of the half of the northeast quarter of section 33, town. 6, range 22 east, in the aforesaid town: If said land should be sold by her she may retain from the money received therefrom the sum of $400.00 for her own use and benefit, the balance of said sale to be divided between my children, share and share alike.

In rendering its opinion the Court said:

The appellant contends that by such will Mary Wagen, Christian Wagen's widow, received an estate in fee in the five-acre tract first devised. The respondent contends, and the lower court so held, that the widow took only a life estate in said tract. The widow died intestate, and her heirs claim the tract of land in dispute by inheritance. This construction of the recited clause in the will of Christian Wagen is the only matter in issue.

It must be observed that the will uses apt words to convey title in fee to the tract, subject to condition. Testator's other estate is disposed of in plain terms, but no other disposition of the five-acre tract is made. We hold that the devise to the widow of the five-acre tract was absolute and the same descended to her heirs.

By oral testimony it appears that the five-acre tract was bought with money belonging to the wife of the testator for a consideration of $400. This accounts for the peculiar wording of the will. In no event can the heirs claim under such provision of the will, because the widow made no sale of the premises.

Under authority of the above cited cases the respondent contends that the children of Annie Montedonico received an executory devise under the will of their father, J. D. Montedonico, and that since Annie Montedonico did not sell the property no estate vested in the children under the will, but that they acquired the property by inheritance from her.

The contention of the petitioner is that under the will the land passed to the widow in trust for her own use for life, with an executory devise over on the occurrence of a sale, to each of the children of a one-sixth interest and to the widow a one-sixth interest, and, no sale having been made before her death, the land passed to the heirs at

law of the testator by inheritance. In support of this view the petitioners cite the case of *McKnight* v. *McKnight*, 120 Tenn. (1 Cates) 431, 438, 439.

However, in *McKnight* v. *McKnight*, the will specifically gave the widow a life estate, with power to dispose of by will, one-half of the realty in any manner she saw fit.

The case of *Bradley* v. *Carnes*, 27 S. W. 1007, cited by the petitioners is distinguished from the instant case in that in that case the testator devised all of his property to his wife with power to sell and convey, the remainder, if any, at her death, to go to others. The court in that case held that since she had been given an unlimited power to sell and convey the property, a fee simple was vested in her and the remainder over was inconsistent with the estate.

In our opinion, the estate of Annie Montedonico, under the will was absolute, subject only to be defeated by her selling the property. Since she did not sell the property, it was impossible for the estate to vest in the children. The first estate continued, therefore, and at her death Annie Montedonico held the property in fee simple.

The holding of the respondent is, therefore, approved.

*Judgment will be entered for the respondent.*