EDDY MORYS, APPELLANT, V. JOSEPH MORYS ET AL., APPELLEES.

FILED APRIL 29, 1932. No. 28161.

*Wagner & Wagner*, for appellant.

*Kemp & Brower, contra.*

*J. H. Kemp*, guardian *ad litem*.

Heard before GOSS, C. J., DEAN, GOOD, DAY and PAINE, JJ., and LANDIS, District Judge.

LANDIS, District Judge.

Suit to quiet title brought by Eddy Morys, in which defendants brought cross-petition and sought partition. From an adverse decree plaintiff appeals.

The real question to be determined is the construction of the will of Mathew Moryc, and particularly the follow-

ing clause: "In and for consideration of my son, Lady-slaus Moryc, taking care of both my wife and myself until the time of our deaths I bequeath unto him (describing 160 acres of land), and until our deaths he is to pay as rent for the same two-fifths (2/5ths) of all grain rent and one-half of all hay. After my death he is to take care of my wife, Anna Moryc, until her death and then said place will belong to the said Ladyslaus Moryc. She shall have all of my properties and possessions until the time of her death and all the live stock and other movable objects shall be hers to sell or to do with as she shall see fitting and proper."

The testator died in 1926. The will, executed January 9, 1924, was admitted to probate May 6, 1926. Anna Moryc survived her husband and died August 29, 1930. Eddy Morys, appellant, referred to in the will as Lady-slaus Moryc, after his mother's death contracted a sale of the 160 acres in question for $10,000, out of which he had to pay a $3,500 mortgage.

Estates may be devised either absolutely or upon condition. A condition however will not be implied. It must affirmatively appear either from the language of the gift or from the will as a whole, when read in the light of the surrounding circumstances. The intention of the testator herein was to devise to the appellant an absolute estate in remainder to the land in question subject to the life estate of his mother, Anna Moryc. In the clause quoted there are expressions of motive of the testator in making the gift, but they do not amount to a condition upon which he made it.

*McCarty v. Fish*, 87 Mich. 48, and *Martin v. Martin*, 131 Mass. 547, hold that recitals in a will that the legacy given is in consideration of the legatee's attention to testatrix and her husband or in consideration of being taken care of and well treated by devisee during remainder of testator's life are expression of motive of the testator in making the gift, and not a condition upon which it is made.

The testator's intent to express the motive of consideration is quite clear. Appellant never married. At the time of his father's death he was about thirty-one years of age and had continuously lived on the home farm with his parents. He received nothing during the father's lifetime and was without means at the time of testator's death. Not long before testator's death, at an advanced age, knowing the obligations he owed appellant, the will was executed, which reserved a life estate in the home farm in his wife and remainder to appellant. The phrase "in and for consideration" does not mean that the devise was on a condition, but was employed to show the motive inducing the making of the devise. The words "to stay with and care for" have no fixed legal significance and are to be construed according to the intent of the instrument and the surrounding circumstances. *Bull v. McCrea*, 8 B. Mon. (Ky.) 422; *Bless v. Blizzard*, 86 Kan. 230.

A devise may refer to a service to be performed and yet not be conditional upon the rendition of such service. *Bigstaff v. Lumkins*, 13 Ky. L. Rep. 248. A devise to one with a provision that after receiving the gift he pay certain sums of money or render some specified performance to persons designated is generally construed not strictly a condition the breach of which may forfeit the estate, but rather as imposing a personal liability upon such devisee, or as creating a charge, lien or trust. *Matter of Gray*, 27 N. Dak. 417; *Maynard v. Zellner*, 151 Ga. 72; *Cunningham v. Parker*, 146 N. Y. 29; *Meins v. Meins*, 288 Ill. 463; *Cronin v. Cronin*, 314 Ill. 345.

At the time of testator's death appellant was farming the home place, paying the two-fifths rent, and continued to stay with the widowed mother until she leased the place to another son. Then the mother made her home with her married son, Joe, and visited with the other children at their homes from time to time, and finally died at Joe's home. Appellant also stayed at Joe's considerable of the time his mother was there. When away at his trade he would come back for Sundays. Whenever the mother was sick appellant was there, and in her last sickness of about

eight weeks' duration, appellant was with his mother most of the time. The mother never complained of the care appellant gave her. Appellant ministered to his mother by being with her. This aged mother derived comfort in this unmarried son being actually with her. Anna Moryc had ample means of her own. She neither asked nor expected actual support from the appellant. He was always ready with a protecting arm and actually gave the care, comfort and support of being present in company with his parents until their deaths and fulfilled what the testator actually intended under the circumstances as to the care.

Appellees stress the phrase "and then said place will belong." They claim by the expressed provisions of the will the estate is to vest only at the widow's death, "and then" it is to become appellant's if he had performed the condition. The word "then" is sometimes an adverb of time, meaning existing, acting at or belonging to time mentioned, and is sometimes a conjunction, signifying in that case, in consequence, as a consequence, therefore for this reason. *Western & A. R. Co. v. Smith,* 145 Ga. 276. The testator's intention was to create a life estate in his wife, remainder in appellant. The remainder vested on the death of the testator, but the enjoyment of appellant in the land in question is deferred until the death of the mother. "Then" is intended as an adverb of time signifying when the enjoyment of the vested estate in remainder is in appellant, and is not used as conjunction signifying a condition upon which the estate is to vest.

It is to be noted that the testator's will contains no residuary clause; there is a want of limitation over, and no forfeiture is expressed. The want of any limitation over in a will is entitled to consideration in determining testator's intention.

Upon trial *de novo* we reach the independent conclusion that title to the premises in question should be quieted in appellant subject to any legal liens thereon. Hence, this cause is reversed and remanded to the district court, with directions to enter a decree in accordance with this opinion.

REVERSED.