JOHN H. MILLER ET AL., APPELLANTS, V. HAROLD R. MILLER ET AL., APPELLANTS, IMPLEADED WITH DONALD M. MILLER ET AL., APPELLEES.

247 N. W. 2d 445

Filed December 8, 1976. No. 40695.

Luebs, Tracy, Dowding, Beltzer & Leininger, for appellants.

Michael J. Murphy, Vincent Valentino, and Max C. Mankin, for appellees.

Heard before SPENCER, BOSLAUGH, NEWTON, and BRODKEY, JJ., and BURKE, District Judge.

BOSLAUGH, J.

This case involves a controversy concerning the construction of the second paragraph of the will of Edna L. Miller, deceased.

Edna L. Miller died testate on May 29, 1972. The second paragraph of her will, which was admitted to probate on July 25, 1972, provided as follows: "SECOND: I hereby give, devise and bequeath all of my interest in and to the real estate described as: The South 40 acres of the East 120 acres of the Southeast Quarter (SE¼) of Section Sixteen (16), Township Nine (9) North, Range Six (6) West of the 6th P.M., Hamilton County, Nebraska, to my son, Don M. Miller, or to his heirs by right of representation, under the condition that Don M. Miller pay to Harold R. Miller, John H. Miller, Alvin P. Miller, and Virginia L. Church, or their heirs by right of representation, the sum of $2,000.00 each, within one year after this will is admit-

ted to probate. This is to carry out my wish that my said son, Don M. Miller shall have the farm on which he presently is living."

The third paragraph of the will devised the rest and remainder of the property of the testatrix to the five children named in the will or their heirs.

On December 13, 1974, John H. Miller and his wife, Virginia L. Church and her husband, and Alvin P. Miller and his wife brought this action to partition the 40 acres described in the second paragraph of the will together with two other tracts of land. The defendants are Harold R. Miller and Donald M. Miller and their wives and James E. Koepke, the Administrator C. T. A. of the Estate of Edna L. Miller, deceased. The amended petition alleged that the five children of Edna L. Miller, deceased, each owned an undivided one-fifth interest in the real estate described in the petition.

Donald M. Miller and his wife filed an answer alleging that they were the sole owners of the 40-acre tract described in the second paragraph of the will. The answer further alleged they were ready and willing to pay $2,000 each to the persons named in the will but those persons had refused to receive the same in payment.

The reply alleged that Donald M. Miller's failure to comply with the condition set out in the will resulted in the five children having an equal interest in the 40-acre tract.

The trial court found that Donald M. Miller was the sole owner of the 40-acre tract subject to his obligation to pay $2,000, with interest from May 29, 1973, to each of the other four children of the deceased which obligation was a lien on the real estate. The judgment ordered these amounts be paid within 30 days and ordered partition be made of the other two tracts. The plaintiffs and defendants Harold R. Miller and wife have appealed. There is no cross-appeal.

The appellants contend that the payment of $2,000 to each of the other four children within 1 year was a con-

dition precedent or a condition subsequent, and that breach of the condition prevented the title from vesting in Donald M. Miller or divested his title. The appellants contend that Donald M. Miller's failure to satisfy the condition within the time provided resulted in a forfeiture of his rights under the second paragraph of the will.

A devise to one with a provision that after receiving the gift he pay certain sums of money to persons designated is generally construed as not strictly a condition the breach of which may forfeit the estate, but rather as imposing a personal liability upon the devisee or as creating a charge or lien. Morys v. Morys, 123 Neb. 188, 242 N. W. 420. Estates upon condition subsequent are not favored in law, and a condition will be liberally construed to avoid a forfeiture. Erskine v. Board of Regents, 170 Neb. 660, 104 N. W. 2d 285. A conveyance will not be construed to create an estate upon condition unless the language is so clear there can be no other construction. Majerus v. Santo, 143 Neb. 774, 10 N. W. 2d 608.

We think it is clear from the language of the will which was executed May 11, 1970, approximately 2 years before her death, that the testatrix intended Donald M. Miller should have the 40-acre tract because it was the farm upon which he was living at the time the will was made. Then, in an attempt to equalize the distribution of the estate, the devisee was required to pay $2,000 each to the other four children of the deceased. This intention is fully satisfied by construing the "condition" to create a lien upon the land.

The record shows there was considerable negotiation between the parties in an attempt to arrive at a family settlement. When the will was read, on June 27, 1972, the other children of the deceased expressed dissatisfaction with the second paragraph of the will. They were willing for Donald to have the land but he should be required to pay a reasonable price. Thereafter, on sev-

eral occasions Donald offered to buy the interests of the other children in all the land. His first offer was $67,000. He later offered to pay $83,000, but the other heirs were thinking of a higher price. Negotiations were still being carried on at the time this action was filed. Under these circumstances we think the decision of the trial court granting Donald M. Miller an additional 30 days in which to make the payments required under the will was justified.

The judgment of the District Court is affirmed.

AFFIRMED.