Probate Court, Strafford County
No. 7886

*In re* ESTATE OF ELIZABETH JONES

July 18, 1978

*Nute & Nute,* of Farmington, by brief, for the Society for the Protection of New Hampshire Forests.

*Cooper, Hall & Walker,* of Rochester (*Peter A. Handy* orally), for the executor.

JOHNSON, J. (By special assignment under RSA 490:3). On petition by the Society for the Protection of New Hampshire Forests, the Probate Court, Strafford County (*Galanes,* J.) certified and transferred to the supreme court the following questions of law pursuant to RSA 547:30:

1. Is the executor under an affirmative duty to fulfill the decedent's instruction to demolish her homestead farm buildings as provided in paragraph 4 of her will?

2. Does the lack of an expressed affirmative purpose to the "condition" stated in paragraph 4 of the Jones will and the absence of a gift over or forfeiture render the terms of that "condition" vague and uncertain so that enforcement would be unreasonable and contrary to law or public policy?

3. A conditional gift has been defined as an estate given subject to a forfeiture upon the breach of condition and marked by the automatic vesting of the estate in another. If that is so, would the Society risk the loss of the devise of the entire Jones homestead farm property and all of the residuary Jones real estate in Milton if it deviated from the terms of paragraph 4 in decedent's will and did not join with the executor in demolishing the farm?

Under an agreed statement of facts, it is stipulated that Elizabeth Jones, a spinster, died testate on October 23, 1975. Her will was proved and allowed in common form on October 30, 1975.

Paragraph 4 of decedent's will reads:

> FOURTH, I give bequeath and devise all the rest, residue and remainder of my real estate of which I die seized, located in Milton, to the Society for the Protection of New Hampshire Forests . . . to be, used by said Society for such purposes, used and disposition [sic] as its trustees deem fitting, subject, however, to the condition that all of the buildings on the homestead, with the exception of the original house, shall be dismantled and disposed of by my executor as he, in his discretion, may deem best, the cellar holes to be filled and the area suitably landscaped, all expenses of the same to be borne as an expense of my estate. My executor shall have the further power in his sole discretion, after consultation with the officers of the Society for the Protection of New Hampshire Forests, to decide whether the original house is to be preserved for use and benefit of the Society or whether it shall be also dismantled and removed.

> I further give and bequeath to said Society the sum of five thousand dollars ($5,000.00) to be used by it for its general purposes, it being my wish, but not my direction, that it be used for the upkeep, maintenance, development and administration of the property passing under this devise.

I further direct said Society to provide an appropriate marker identifying this property as the "Site of the Levi Jones Tavern, Circa 1810, and Occupied by Members of the Jones Family for Four Generations, Given to the Society for the Protection of New Hampshire Forests by the children of Fred P. Jones and Emma C. Jones."

The devised real estate is the Jones' family homestead land, consisting of more than one hundred acres lying on the westerly side of Route 16 in Milton. The buildings on this site are the shed and barn. There is also a large detached barn. All the buildings are well preserved.

At the request of the New Hampshire Farm Museum, Inc., a charitable corporation dedicated to the preservation of farm implements and skills used on New Hampshire farms, the Society for the Protection of New Hampshire Forests (Society) brought this petition. The Farm Museum desires to acquire the Jones' farm buildings and sheds by gift or purchase to serve as a site for the display of its agricultural implements and techniques. *See generally* Hublea, *The Connected Farm Buildings of Northern New England*, 32 Hist. N.H. 87 (1977). The Society was sympathetic to the museum's request because a newly proposed highway extension of Route 16 would result in land-taking that would sever the field land and farm buildings from the rest of the wooded area, altering the planned use of the land occupied by the buildings. Furthermore, the Farm Museum offered to guarantee the maintenance and repair of the barns and sheds.

The executor declined the Society's request to preserve the buildings on the ground that to do so would be contrary to decedent's instructions in her will. The demolition of the buildings was stayed by the Strafford County Probate Court on May 4, 1976, pending clarification by this court.

We must first decide whether the devise under paragraph 4 is an absolute or conditional gift. The use of the word "condition" does not conclusively preclude a gift from being absolute. *See Emery v. Judge of Probate*, 7 N.H. 142, 153 (1834); *City of Providence v. Payne*, 47 R.I. 444, 453, 134 A. 276, 280 (1926); *In re Will of Wagen*, 185 Wis. 110, 200 N.W. 765 (1924). The fact that the testatrix made no express provision for forfeiture upon failure of the condition tends to show that she did not intend to impose a condition. *President of Middlebury College v. Central Power Corp.*, 101 Vt. 325, 341, 143 A. 384, 390 (1928); *In re Estate of Mead*, 227 Wis. 311, 329, 277 N.W. 694, 702 (1938); *see Morys v. Morys*, 123 Neb.

188, 191, 242 N.W. 420, 421 (1932). As between two reasonable constructions of a will, that which makes a gift absolute rather than conditional is preferred. *See Borchers v. Taylor*, 83 N.H. 564, 569, 145 A. 666, 668–69 (1929). In light of these principles, we find that the testatrix intended a gift of her real estate without condition. Therefore we need not decide questions two and three.

Question one is directed toward the duty of the executor to act in accordance with the terms of the will. An executor is bound to act with reasonable diligence in the execution of a will. *McInnes v. Goldthwaite*, 94 N.H. 331, 333, 52 A.2d 795, 797 (1947); *Page v. Boynton*, 63 N.H. 190, 192 (1884). The issue in this case is what is the executor reasonably obligated to do in order to diligently execute the terms of this will, in particular paragraph 4.

The testatrix intended to vest complete ownership of the Milton real estate in the Society to use and dispose of the property as its trustees wish. A conveyance of land upon which the buildings are located to the museum would be consistent with the exercise of such ownership. The problem is what the executor should do with the buildings. The will speaks of dismantling and disposing of the buildings "by my Executor as he, *in his discretion, deems best.*" (Emphasis added.) In these words, among others in that paragraph, we find that the testatrix intended to afford the executor an element of discretion in his disposition of the buildings. We do not believe that a direct conveyance of the land and buildings to the museum would offend the testatrix's intent. In essence, such a conveyance amounts to no more than a constructive dismantling of the buildings with the materials preserved and later given to the museum for re-construction on the same land.

Our findings deal only with the interpretation of the testatrix's intent and are not meant to limit the executor in obtaining reasonable assurances or conditions from the successor in title that the buildings will be adequately maintained and preserved.

*Remanded.*

LAMPRON, C.J., GRIMES and BROCK, JJ., did not sit; the others concurred.